22-1127-cv
*Tibbles v. Commissioner of Social Security*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> REENA RAGGI,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

NICOLE RENEE TIBBLES,

> *Plaintiff-Appellant*,

v.                                                          22-1127-cv

COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | CHRISTOPHER JAMES BOWES, Law Office of Christopher James Bowes, Shoreham, NY. |
| For Defendant-Appellee: | NATASHA OELTJEN, Special Assistant United States Attorney (and Ellen E. Sovern, Associate General Counsel, *on the brief*), Office of the General Counsel, Social Security Administration, Baltimore, MD, *for* Carla B. Freedman, United States Attorney for the Northern District of New York. |

1

Appeal from a judgment of the U.S. District Court for the Northern District of New York (Peebles, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Nicole Renee Tibbles appeals from a judgment of the United States District Court for the Northern District of New York (Peebles, *M.J.*) entered March 23, 2022, affirming the denial of her application for disability insurance under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.* Tibbles contends that the opinion of the administrative law judge ("ALJ") is not supported by substantial evidence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our review of the denial of disability benefits "focus[es] on the administrative ruling rather than the district court's opinion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).[1] We "review the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence standard is "a very deferential standard of review—even more so than the 'clearly erroneous' standard," and the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would *have to conclude otherwise.*" *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam).

---

[1] Unless otherwise indicated, all internal citations, quotation marks, and alterations are omitted.

To be "disabled" within the meaning of the Act, a claimant must establish "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The Social Security Administration has established a five-step process for determining whether a claimant is "disabled" in the relevant sense. The claimant must first demonstrate that she is not engaging in substantial gainful activity (step one) and that she has a "severe . . . impairment" that limits her ability to work (step two). *Id.* §§ 404.1520(a)(4)(i), (ii). If her impairment is per se disabling under the Act, then she is entitled to disability benefits (step three). *See id.* §§ 404.1520(a)(4)(iii), (d). If not, the Commissioner considers whether the claimant has sufficient residual functional capacity ("RFC") to return to past relevant work (step four). *See id.* § 404.1520(a)(4)(iv). If the claimant is too impaired to return to past relevant work, the burden shifts to the Commissioner in the fifth and final step to show that jobs that the impaired claimant could perform exist in significant numbers in the national economy. *See id.* §§ 404.1520(a)(4)(v), 404.1560(c).

Tibbles applied for disability benefits in May 2017, alleging disability as of April 28, 2017, when she was first diagnosed with cervical spondylosis with myelopathy. The ALJ held a hearing, at which Tibbles and a vocational expert testified. The record before the ALJ included, among other things, the opinions of treating physician Dr. Lawrence Chin, examining consultative physician Dr. Elke Lorensen, and non-examining consultative physicians Drs. G. Feldman and Charles K. Lee.

Based on this record, the ALJ concluded that Tibbles was not disabled within the meaning of the Act. At step four, the ALJ found that Tibbles had the RFC to perform sedentary work with certain limitations. The ALJ gave less weight to the view of Tibbles's treating physician, Dr.

3

Chin, instead relying primarily on the opinions of Drs. Feldman and Lee, along with the treatment notes in the record. At step five, the ALJ found that, given this RFC, there were a significant number of jobs in the national economy that Tibbles could perform.

### A. The ALJ's Assessment of the Medical Evidence

Tibbles first argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ substituted his lay opinion for the purportedly uncontradicted opinion of Dr. Chin that Tibbles can only occasionally lift and carry less than ten pounds, can stand and/or walk fewer than two hours in an eight hour workday, and can sit for fewer than six hours in an eight hour workday, among other significant limitations. Administrative Record ("R.") 581–84. We are unpersuaded. Although an ALJ is not "permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion," *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000), "an ALJ is free . . . to choose between properly submitted medical opinions," *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998), and may give greater weight to the report of a consultative physician than to that of a treating physician, *see Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983). Indeed, under the Social Security Administration's latest regulations, which apply because Tibbles filed her claim for benefits after March 27, 2017, no special deference is given to the opinion of the treating physician. *See* 20 C.F.R. § 404.1520c.

Here, the ALJ expressly relied not on his lay opinion, but rather upon relevant treatment notes and "the opinions of non[-]examining State agency medical consultants G. Feldman, M.D., and Charles Lee, M.D.," who "opined that the claimant would be/is able to perform a full range of sedentary work within 12 months of the alleged onset date." R. 17. In particular, the ALJ found that the consultative physicians' opinions that Tibbles's condition would improve was borne out by "the evidence of record, which documents progressive improvement in the claimant's

4

functioning by March 2018, as well as the more recent treatment records documenting further improvement following the claimant's second surgery [in August 2018] and the records noting that the claimant only requires a cane for extended ambulation." R. 18. In contrast, the ALJ found that Dr. Chin's opinion that Tibbles's functioning was more severely limited was "not fully supported by or consistent with" the other evidence in the record, noting, among other things, that Dr. Chin's "own treatment notes do not document any extreme motor or neurological deficits reasonably consistent with his conclusions, but instead often reflect the claimant's normal strength, sensation, and reflexes throughout both upper and lower extremities." R. 18–19. Based on our independent review of the record, we conclude that these are permissible characterizations of the record. As such, substantial evidence supports the ALJ's weighing of the opinion evidence.

### B. Tibbles's Testimony

Tibbles also argues that the ALJ erred in discounting her testimony regarding her subjective pain symptoms and related functional limitations, in violation of 20 C.F.R. §§ 404.1529 and 416.929. However, an ALJ "is not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). To the contrary, "the ALJ must consider 'the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence' of record." *Id.* (quoting 20 C.F.R. § 404.1529(a)) (alteration in original). Here, the ALJ cited multiple pieces of objective medical evidence that were inconsistent with the degree of limitation to which Tibbles testified. *See* R. 16–17. For example, while Tibbles testified to spending all but 45 minutes a day lying down, her treatment records do not document any signs of muscle wasting or atrophy and instead contain her reports that she could stand or walk as long as 30 to 40 minutes at a time. R. 16, 51–52, 589. And while it is true that Tibbles's testimony was given shortly after one of her surgeries,

5

potentially explaining the severity of the limitations to which she testified, it was not error for the ALJ to assess her condition over a broader period given the absence of evidence in the record indicating that Tibbles will regularly require additional surgeries in the future. Accordingly, Tibbles's objections to the weighing of this evidence are without merit.

*     *     *

We have considered Tibbles's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk